Appellant/Petitioner
Rene Ortiz, Bargaining Unit Employee of the Department of Veterans Affairs
Veteran Claims Examiner
P.O. Box 1360
Sacaton, AZ 85147
Ronay0@hotmail.com

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

Rene Ortiz,

Claimant–Appellant,

v.

DEPARTMENT OF VETERANS AFFAIRS,
DOUGLAS A. COLLINS,

Respondents, Appellees.

**Federal Circuit Docket No.: 2026-1066**

## CORRECTED OPENING BRIEF OF APPELLANT

RECEIVED
JAN 20 2026
United States Court of Appeals
For the Federal Circuit

## NATURE OF THE PROCEEDINGS AND ORIGINATING COURT

This appeal arises from a final decision of the United States Court of Appeals for Veterans Claims affirming the Secretary of Veterans Affairs' denial of Dependency Compensation under 38 U.S.C. § 1115, while simultaneously recognizing the same Child as a dependent for purposes of Chapter 35 Dependents' Educational Assistance benefits.

## STATEMENT OF RELATED CASES

There are no related cases pending before this Court.

## JURISDICTIONAL STATEMENT

This Court has jurisdiction under 38 U.S.C. § 7292(a) to review decisions of the United States Court of Appeals for Veterans Claims that involve the interpretation of statutes and regulations governing Veterans' Benefits. This Appeal raises pure questions of statutory interpretation concerning the scope of the Secretary's authority under Title 38.

## ISSUE PRESENTED

Whether the Veterans Court erred as a matter of law by upholding the Secretary's interpretation of Title 38 that permits the Department of Veterans Affairs to recognize a child as a dependent for purposes of Chapter 35 Dependents' Educational Assistance while simultaneously denying Dependency Compensation under 38 U.S.C. § 1115 and removing that same child from the Veteran's Compensation Award, without identifying any statutory or regulatory authority permitting such mutually exclusive dependency determinations.

## STATEMENT OF THE CASE

Appellant is a service-connected Veteran whose child was affirmatively recognized by the Department of Veterans Affairs as an eligible dependent for purposes of Chapter 35 Dependents' Educational Assistance. That determination necessarily required a finding that the child met the Statutory definition of a dependent of a qualifying Veteran.

Despite that affirmative dependency determination, VA subsequently denied Appellant's EP 130 dependency claim and removed the same child from Appellant's Compensation Award under 38 U.S.C. § 1115. VA identified no statutory or regulatory authority authorizing the recognition of dependency for one benefit while denying it for another based on the same undisputed predicate facts.

The Veterans Court upheld the Secretary's position, accepting an interpretation of Title 38 that permits internally inconsistent dependency determinations without statutory authorization. This Appeal followed.

## SUMMARY OF THE ARGUMENT

Title 38 does not authorize the Secretary to fragment dependency status across benefit programs when eligibility for both benefits is predicated on the same legal determination. Granting Chapter 35 Benefits constitutes an affirmative adjudicative finding of dependency. The Secretary cannot simultaneously deny that dependency for compensation purposes absent explicit statutory authority.

By accepting the Secretary's position, the Veterans Court sanctioned an arbitrary and internally inconsistent adjudication scheme that is contrary to the statutory framework of Title 38.

## STANDARD OF REVIEW

Questions of statutory interpretation are reviewed de novo. The scope of the Secretary's authority under Title 38 presents a pure question of law.

# ARGUMENT

### *I. TITLE 38 DOES NOT AUTHORIZE MUTUALLY EXCLUSIVE DEPENDENCY DETERMINATIONS*

Dependency Compensation under 38 U.S.C. § 1115 and eligibility for Chapter 35 benefits are both predicated on the same legal determination: whether the claimant is a dependent child of a qualifying service-connected Veteran. Nothing in Title 38 authorizes VA to recognize dependency for one benefit while denying it for another based on identical facts.

### *II. THE SECRETARY'S INTERPRETATION PRODUCES ARBITRARY AND INTERNALLY INCONSISTENT RESULTS*

An Agency action is arbitrary and capricious when it relies on internally inconsistent reasoning or treats identical legal predicates differently without explanation. Granting Chapter 35 benefits necessarily affirms dependency. Denying that same Dependency for Compensation purposes, without Statutory Authority, produces precisely the type of inconsistency the law forbids.

### *III. THE SECRETARY CANNOT IDENTIFY LAWFUL AUTHORITY FOR EP 130 PROCESSING THAT NEGATES AN EXISTING DEPENDENCY FINDING*

If the Secretary's position were correct, VA would be required to identify the statute, regulation, or binding policy that authorizes a Veterans Claims Examiner to process an EP 130 claim in a manner that negates an existing dependency determination made for Chapter 35 purposes. No such authority exists.

## CONCLUSION AND STATEMENT OF RELIEF SOUGHT

The decision of the Veterans Court should be reversed, or vacated and remanded, with instructions to apply a Statutory interpretation consistent with Title 38 and to restore dependency compensation unlawfully removed.

## CERTIFICATE OF COMPLIANCE

This brief complies with Federal Rule of Appellate Procedure 32(a) because it contains fewer than the permitted number of words and uses a proportionally spaced font.

RELIEF SOUGHT

Appellant respectfully requests that this Court:

1. **Reverse** the decision of the United States Court of Appeals for Veterans Claims insofar as it upheld the Secretary's denial of Dependency Compensation under 38 U.S.C. § 1115 while recognizing the same child as a dependent for Chapter 35 benefits; or, in the alternative,

2. **Vacate** the decision and **remand** the case with instructions that the Secretary apply a Statutory interpretation consistent with Title 38 that does not permit mutually exclusive dependency determinations arising from the same undisputed predicate facts; and

3. **Order appropriate relief** consistent with this Court's decision, including restoration of dependency compensation unlawfully removed.

Respectfully submitted,

Rene Ortiz, Appellant, Veteran Claims Examiner
P.O. Box 1360
Sacaton, AZ 85147
ronay0@hotmail.com
Dated: January 6th 2026